# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| CARY YOUNG, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:09-CV-2477-BH |
| | § | |
| ASSET ACCEPTANCE, LLC., | § | |
| | § | |
| Defendant. | § | Consent Case |

## MEMORANDUM OPINION AND ORDER

Pursuant to the District Court's *Order*, filed April 7, 2010, this matter has been transferred for the conduct of all further proceedings and the entry of judgment in accordance with 28 U.S.C. § 636(c). Before the Court is Defendant's *Motion to Dismiss for Lack of Subject Matter Jurisdiction* (doc. 26), filed November 12, 2010. Based on the relevant filings and applicable law, the motion is **DENIED**.

## I. BACKGROUND

On December 30, 2009, Plaintiff filed suit against Asset Acceptance, LLC, ("Defendant"), claiming violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*. His amended complaint, filed on June 21, 2010, alleged that Defendant constantly and continuously placed up to three collection calls a day to him, and during those calls, failed to properly identify itself, used rude and abusive language, and threatened to garnish his wages. It also requested statutory damages, attorney fees, and court costs pursuant to 15 U.S.C. § 1692k.

Pursuant to Fed. R. Civ. P. 68, Defendant offered judgment to be taken against it for $1000.00 in statutory damages plus taxable court costs on June 8, 2008. (*See* P. App. generally & D. App. at 4.) Plaintiff did not accept the offer within the time period provided for its acceptance.

(D. App. at 4.) Defendant then moved to dismiss this action for lack of subject matter jurisdiction. With a timely filed response and reply, the motion is now ripe for determination.

## II. RULE 12(b)(1) MOTION

Defendant argues that the Court lacks subject matter jurisdiction because Plaintiff's FDCPA claim has been rendered moot by his rejection of Defendant's Rule 68 offer of judgment.

### A. Legal Standard

A motion to dismiss challenging a court's subject matter jurisdiction is properly brought under Rule 12(b)(1) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 12(b)(1). Federal courts are courts of limited jurisdiction; without jurisdiction conferred by the Constitution and statute, they lack the power to adjudicate claims. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). When a court dismisses for lack of subject matter jurisdiction, that dismissal "is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam).

The district court may dismiss for lack of subject matter jurisdiction based on (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). A motion to dismiss based on the complaint alone presents a "facial attack" that requires the court to merely decide whether the allegations in the complaint, which are presumed to be true, sufficiently state a basis for subject

matter jurisdiction. *See Paterson v. Weinberger*, 644 F. 2d 521, 523 (5th Cir. 1998). "If sufficient, those allegations alone provide jurisdiction." *Id.* Facial attacks are usually made early in the proceedings. *Id.* Where the defendant supports the motion with evidence, then the attack is "factual" and "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Williamson*, 645 F.2d at 413. A factual attack may occur at any stage of the proceedings. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). Regardless of the nature of attack, the party asserting jurisdiction constantly carries the burden of proof to establish that jurisdiction does exist. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam).

Defendant has attached evidence in support of its motion to dismiss. The motion therefore presents a factual attack and no presumptive truthfulness attaches to Plaintiff's factual allegations. Because the proffered evidence is uncontested, however, there are no disputed facts to resolve.

**B. Mootness**

The doctrine of mootness derives from Article III of the United States Constitution which restricts federal judicial power to "cases" or "controversies." *See Davis v. Fed. Election Comm'n*, 554 U.S.724, 733 (2008). A case becomes moot when the issues presented in a case are no longer "live" or when the parties lack a legally cognizable interest in the outcome of the case. *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000). If a controversy becomes moot, the case is dismissed for lack of subject matter jurisdiction. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). Courts have consistently applied this doctrine to hold that when a plaintiff rejects an offer by the defendant of everything he could possibly recover from his lawsuit, his case may be dismissed as moot. *McCauley v. Trans Union, LLC*, 304 F.Supp.2d 539, 540 (S.D.N.Y. 2004). The doctrine has

also been applied in the context of an FDCPA action. *Harrington v. Nat. Enter. Sys., Inc.*, 2010 WL 890176, at *3 (E.D. Tex. Mar. 9, 2010).

Defendant argues that since Plaintiff has rejected its offer of everything he could possibly recover from the successful prosecution of his lawsuit, there is no longer a "live" case or controversy between the parties, and his FDCPA claim has been rendered moot. Plaintiff responds that the offer did not encompass all relief possible because it included only statutory damages and costs; it did not include attorney's fees mandated by the fee-shifting provision of the FDCPA, 15 U.S.C. § 1692k(a)(3). It is well-established that the FDCPA is a fee-shifting statute and makes the debt collector liable for reasonable attorney's fees upon successful prosecution of a plaintiff's case. 15 U.S.C. § 1692k(a)(3). Here, despite the fact that Plaintiff's amended complaint specifically seeks attorney's fees, and the FDCPA entitles him to attorney's fees upon successful prosecution of his case, Defendant did not include attorney fees in his offer of judgment. The offer is therefore not an offer of everything that Plaintiff could obtain if he succeeds in this litigation, and Plaintiff's rejection of the offer has not rendered this case or controversy moot.[1]

Defendant does not dispute that attorney's fees are recoverable through the FDCPA, but argues instead that Plaintiff is not entitled to attorneys fees in this instance because he has entered into an unenforceable oral contingency fee agreement with his attorneys.[2] It essentially argues that entitlement to attorney's fees under the FDCPA is dependent upon the existence of a valid and

---

[1] Notably, in all of the FDCPA cases cited by Defendant, the FDCPA claim had become moot because the plaintiff(s) had been offered statutory fees and costs plus attorney's fees. *See Ambalu v. Rosenblatt*, 194 F.R.D. 451, 452-53 (E.D. N.Y. Mar. 17, 2000); *Greif v. Wilson. Elser, Moskowitz, Edelman & Dicker, LLP*, 258 F.Supp.2d 157, 158 (E.D. N.Y. 2003); *Jones v. CBE Grp., Inc.*, 215 F.R.D. 558, 564-65 (D. Minn. 2003).

[2] Defendant relies on Plaintiff's deposition testimony that he has no written fee agreement with his attorneys, and that payment to his attorneys is contingent upon their winning this case. (*See* D. App. At 5-6.) Plaintiff responds that he did enter into an attorney-client agreement with his attorneys, and they agreed to rely on the fee-shifting provision of the FDCPA instead of charging him for legal fees.

4

enforceable fee-agreement between an attorney and client. This argument, however, is inconsistent with the purpose and policies of a fee-shifting statute such as the FDCPA, which makes an award of attorney's fees mandatory and assumes a "private attorney general approach" for its enforcement. *See Camacho v. Bridgeport Fin. Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). The fees available under a fee-shifting statute, moreover, are part of a plaintiff's recovery and are not dependent upon any explicit fee arrangements between the plaintiff and his lawyer. *See Staton v. Boeing Co.*, 327 F.3d 938, (9th Cir. 2003); *Henderson v. Horace Mann Ins. Co.*, 560 F.Supp.2d 1099, 1121 (N.D. Okla. 2008) (rejecting an argument that the plaintiffs were not entitled to attorney fees under a state fee-shifting statute because the underlying fee agreements were illegal and invalid). Finally, Defendant has not provided any authority to support its position that entitlement to attorney's fees under a fee-shifting statute is dependent upon the validity or enforceability of an attorney-client fee agreement.

Since Defendant did not offer Plaintiff everything he could possibly recover from this action, his FDCPA claim is not moot, and subject matter jurisdiction continues to exist over this matter.

### III. CONCLUSION

Defendant's motion to dismiss for lack of subject matter jurisdiction is **DENIED**.

**SO ORDERED** on this 10th day of February, 2011.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE