IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CARY YOUNG, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:09-CV-2477-BH |
| | § | |
| ASSET ACCEPTANCE, LLC., | § | |
| | § | |
| Defendant. | § | Consent Case |

## MEMORANDUM OPINION AND ORDER

Pursuant to the District Court's *Order*, filed April 7, 2010, this matter has been transferred for the conduct of all further proceedings and the entry of judgment in accordance with 28 U.S.C. § 636(c). Before the Court is *Plaintiff's Request to Continue Defendant's Motion for Summary Judgment Until Completion of Discovery and Withdrawal of Certain Claims* (doc. 29), filed December 3, 2010. Based on the relevant filings and applicable law, Plaintiff's motion to continue is **DENIED**.

## I. BACKGROUND

On December 30, 2009, Plaintiff filed suit against Asset Acceptance, LLC, ("Defendant"), claiming violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*. His amended complaint, filed on June 21, 2010, alleged that Defendant constantly and continuously placed collection calls to Plaintiff seeking payment of the alleged consumer debt, placed up to three collection calls a day to him, used rude and abusive language, threatened to garnish his wages, and failed to properly identify itself. It also sought statutory damages, attorney fees, and court costs pursuant to 15 U.S.C. § 1692k.

The Court issued a scheduling order on April 8, 2010, requiring all discovery to be completed by January 4, 2011, and all dispositive motions to be filed by February 22, 2011. On

November 12, 2010, Defendant moved for summary judgement, and on December 3, 2010, Plaintiff moved to continue the summary judgment motion until completion of discovery. Plaintiff also voluntarily withdrew his claims that Defendant violated §§ 1962d(2) and (6) of the FDCPA.

## II. MOTION TO CONTINUE

Plaintiff seeks to continue Defendant's motion for summary judgment until completion of discovery. When a party believes it needs more time to obtain discovery to respond satisfactorily to a motion for summary judgment, Rule 56(f) is the proper remedy. *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1266 (5th Cir.1991). Rule 56(f) provides that if a party opposing a motion for summary judgment "shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may . . . order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken." Fed. R. Civ. P. 56(f). A party seeking a Rule 56(f) continuance must show why he needs additional discovery and how that discovery would likely create a fact issue that would defeat summary judgment. *See Stearns Airport Equip. Co. v. FMC Corp.*, 170 F.3d 518, 535 (5th Cir.1999). While it is preferred that an affidavit support a continuance for discovery, "an equivalent statement preferably in writing that conveys the need for additional discovery" is enough. *Wichita Falls Office Assocs. v. Banc One Corp.*, 978 F.2d 915, 919 (5th Cir.1993). Further, since Rule 56(f) motions are designed to safeguard parties that cannot adequately oppose a summary judgment motion, they should be granted almost as a matter of course, unless the Rule 56(f) movant has not diligently pursued discovery of the evidence. *See id.* at n.4; *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006).

Here, if the motion to continue is granted, Plaintiff anticipates taking at least one deposition of Defendant's 30(b)(6) designee. He argues that the deposition is necessary to negate Defendant's summary judgment contentions that there is no evidence of intent to harass. He asserts that the

deposition will cover topics such as the relationship between Plaintiff and Defendant; the amounts sought and the authority for the amounts sought by Defendants; its collection practices, procedures, methods, techniques and strategies; the details and contents of all personnel files for the individuals who worked on his alleged account; its phone systems, and the monitoring and recording of its phone calls; its procedures to avoid violations of the FDCPA; the methods, techniques, and strategies used in training its collection agents; and all correspondence to and from the current creditor regarding his account. Exploration of these topics in the deposition testimony, he argues, will help determine, for example, whether threat of wage garnishment is a tactic used by Defendant's employees.

While Plaintiff may have identified a general need for discovery and the information he needs to create a genuine material fact issue, he has not shown that he has diligently pursued discovery of this evidence. As noted, this case was filed on December 30, 2009, the Court issued a scheduling order on April 8, 2010, Defendant moved for summary judgement on November 12, 2010, and Plaintiff moved to continue the motion for summary judgment on December 3, 2010, the day his response to the motion was due and only a month before the deadline for completion of discovery. Plaintiff had eight months after the issuance of the scheduling order to pursue discovery of this evidence and to seek a 30(b)(6) deposition, but he waited until a month before the discovery deadline to pursue it.[1] Plaintiff has not provided any explanation for this apparent delay or why he was unable to obtain this information through the discovery he has already served on Defendants. To obtain a continuance under Rule 56(f), a party must specifically explain why it is currently unable to present evidence creating a genuine issue of material fact. *See Access Telecom, Inc. v.*

---

[1] Even then, Plaintiff had not noticed a Rule 30(b)(6) deposition or served any additional discovery seeking the needed information. (*See* doc. 29-1.)

*MCI Telecomm. Corp.*, 197 F.3d 694, 719-20 (5th Cir.1999). Plaintiff has not diligently pursued discovery of the evidence he now seeks.

### III.  CONCLUSION

Plaintiff's request to continue Defendant's motion for summary judgment until completion of discovery is **DENIED**. Since Plaintiff has not yet filed a response to the motion for summary judgment, he may file a response to the motion no later than Friday, February 25th, 2011, and Defendant may file his reply no later than Friday, March 11, 2011.

**SO ORDERED** on this 10th day of February, 2011.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE