IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CARY YOUNG, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:09-CV-2477-BH |
| | § | |
| ASSET ACCEPTANCE, LLC, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Pursuant to the order of reference dated April 7, 2010, this matter has been transferred for the conduct of all further proceedings and the entry of judgment. Before the Court is the defendant's *Motion for Summary Judgment* (doc. 24), filed November 12, 2010.[1] Based on the relevant filings, evidence, and applicable law, the motion is **GRANTED** in part and **DENIED** in part.

## I. BACKGROUND

Plaintiff Cary Young ("Plaintiff") sues Asset Acceptance, LLC, a debt collection agency ("the agency"), claiming violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* (doc. 21, p. 1.) His sworn amended complaint alleges that the agency constantly and continuously placed collection calls to him seeking and demanding payment of the alleged consumer debt, placed up to three such calls in a single day, used rude and abusive language during those calls, threatened to garnish his wages, and failed to properly identify itself. (*Id.* at 2.) In particular, he claims that the agency violated:

---

[1] As noted by Plaintiff, the agency's motion for summary judgment fails to comply with local rules 7.2(d), 56.3(a)(1), 56.3(d), and 56.5(d). Because Plaintiff received several extensions of time to file a response to the motion but never raised the issue until its delayed response, he was able to respond to the defective motion on the merits, and allowing additional time to re-file motion in a correct form will cause additional delay in light of pending pretrial deadlines, the motion will be considered in its current form.

- § 1692d by engaging in "conduct the natural consequence of which was to harass, oppress, and abuse" him;

- § 1692d(5) by placing constant and continuous calls to him;

- § 1692e by making false, deceptive, and misleading representations in connection with debt collection;

- § 1692e(2) by misrepresenting the character, nature, amount, and legal status of the alleged debt;

- § 1692e(4) when it threatened to garnish his wages;

- § 1692e(5) when it threatened an action that could not be legally taken;

- § 1692e(10) when it made false representations and used deceptive means in an attempt to abuse, harass, and frighten him into paying the debt; and

- § 1692e(11) when it failed to state in all communications that it is a debt collector.

(*Id.* at 3-4.)[2] The agency now moves for summary judgment on all of the remaining claims except his § 1692e(5) claim.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id*. The movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record which reveal there are no genuine material fact issues. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The pleadings,

---

[2] Plaintiff has voluntarily withdrawn alleged violations of §1692d(2) for rude and abusive language and of § 1692d(6) for the agency's failure to properly identify itself. (doc. 29, p. 5.)

discovery and disclosure materials on file, and affidavits, if any, must demonstrate that no genuine issue of material fact exists. Fed. R. Civ. P. 56(c).

Once the movant makes this showing, the non-movant must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 324. To carry this burden, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the non-movant must show that the evidence is sufficient to support a resolution of the factual issue in his favor. *Anderson*, 477 U.S. at 249.

While all of the evidence must be viewed in a light most favorable to the motion's opponent, *id*. at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)), neither conclusory allegations nor unsubstantiated assertions will satisfy the non-movant's summary judgment burden, *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (en banc); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). Summary judgment in favor of the movant is proper if, after adequate time for discovery, the motion's opponent fails to establish the existence of an element essential to his case and as to which he will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23. "The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

### III. FDCPA

The FDCPA seeks to eliminate "abusive, deceptive, and unfair debt collection practices by debt collectors." 15 U.S.C. § 1692. Among other things, it prohibits a debt collector from engaging

3

"in any conduct the natural consequence of which is to harass, oppress, and abuse," and from making "false, deceptive, and misleading misrepresentations in connection with debt collection." 15 U.S.C. §§ 1692d and 1692e. It also specifies a non-exclusive list of conduct that rises to this level. *See id.* In determining a potential deception or misrepresentation under the FDCPA, the debt collector's representations, notices and communications to the consumer must be viewed objectively from the standpoint of the "least sophisticated consumer" or an "unsophisticated consumer." *Taylor v. Perrin, Landry deLaunay & Durand*, 103 F.3d 1232, 1236 (5th Cir. 1997) (citations omitted); *see also Gonzales v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). In other words, it must be assumed that the debtor "is neither shrewd nor experienced in dealing with creditors." *Goswami v. Am. Collections Enter., Inc.*, 377 F.3d 488, 495 (5th Cir. 2004). "This standard serves the purpose of protecting all consumers, including the inexperienced, the untrained and the credulous, from deceptive debt collection practices." *Id.* (citing *Taylor*, 103 F.3d at 1236) (internal quotation marks omitted). "At the same time the debtor should not be considered as tied to the very last rung on the intelligence or sophistication ladder." *Id.*

**A.     §§ 1692d and 1692d(5)**

The agency first moves for summary judgment on Plaintiff's §1692d claim that it engaged in conduct the natural consequence of which is to harass, oppress, and abuse," and his § 1692d(5) claim for "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." (*Id.* at 2-10.) The agency argues that there is no evidence of intent to annoy, abuse, or harass, and that the number and frequency of calls in this case is not sufficient to show that intent. (*Id.*)

Where, as here, the non-movant bears the burden of proof at trial, the movant's burden may

4

be discharged by pointing out to the Court that there is an absence of evidence to support an element of the non-movant's case. *Celotex*, 477 U.S. at 325. "[I]f the non-movant fails to present sufficient facts to support an essential element of his claim, summary judgment is appropriate." *Vela v. City of Houston*, 276 F.3d 659, 666 (5th Cir.2001) (citing *Celotex*, 477 U.S. at 322-23).

To meet his summary judgment burden, Plaintiff must produce some evidence from which the intent to annoy, abuse, or harass may be inferred. This intent may be inferred from the frequency, pattern, or substance of the telephone calls that he received from the debt collector or the place to which the calls were made. *See Kerwin v. Remittance Assistance Corp.*, 559 F.Supp.2d 1117, 1124 (D. Nev. 2008); *Akalwadi v. Risk Mgmt. Alternatives, Inc.*, 336 F.Supp. 2d 492, 505 (D. Md. 2004). There is no bright line rule as to the specific amount or pattern of calls sufficient to raise a fact issue regarding the intent to annoy, abuse, or harass; courts simply disagree on the amount or pattern of calls needed to raise a triable fact issue. *See Smith v. ProCollect, Inc.*, 2011 WL 1375667, at *4 (E.D. Tex. Apr. 12, 2011) (pointing out disagreement); *Krapf v. Nationwide Credit Inc.*, 2010 WL 2025323, at *3-4 (C.D. Cal., May 21, 2010) (illustrating it).

Plaintiff proffers his affidavit testimony showing that the agency called him up to three times a day, up to five days a week, and called him before 8:00 a.m. and after 9:00 p.m.; his call log showing that during a seventy-three day window between October 25, 2009 and January 6, 2010, the agency placed at least thirty-three calls to him, with three calls a day on at least two occasions; and his deposition testimony showing that the agency called him more than once a week, at least five times a week, and that every time he spoke to an agency representative, he told him or her to stop calling him. (Resp. App., pp. 1-5, 25-26, 37.) Viewing this evidence in the light most favorable to Plaintiff, there is a material fact issue as to whether the agency called him constantly and

5

continuously with the intent to harass, abuse, or oppress. Because of this triable fact issue, the agency is not entitled to summary judgment on Plaintiff's §§ 1692d and 1692d(5) claims.

**B.    §§ 1692e and 1692e(4)**

The agency next moves for summary judgment on Plaintiff's § 1692e claim for false, deceptive, and misleading representations in connection with debt collection, and his § 1694(e)(4) claim for threats to garnish his wages despite an inability to legally garnish them. (Mot. Br. at 13-14, 17-21.) It argues that there is no evidence in support of Plaintiff's § 1692e claim and no genuine material fact issue on his 1692e(4) claim. (*Id.*)

As noted , § 1692e prohibits a debt collector from using any false, deceptive, or misleading means in connection with the collection of any debt. Section 1694e(4) prohibits a "representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action." 15 U.S.C. § 1692e(4).

The agency points to Plaintiff's deposition testimony that the alleged threat to garnish his wages occurred in March or April of 2009, and proffers affidavit evidence showing that in March or April of 2009, the agency placed only six calls to him, that it recorded only three of those calls because the remaining three calls lasted only twelve to eighteen seconds with no conversation, and that the recorded calls did not contain any threats to garnish his wages. (Mot. App. at 1-3, 20-29.) By pointing out an absence of evidence with respect to Plaintiff's § 1692e claim and by offering evidence that shows no genuine material fact issue with respect to his § 1692e(4) claim, the agency has met its initial summary judgment burden.

To meet his summary judgment burden, Plaintiff points to his deposition testimony that the

6

agency threatened to garnish his wages in March or April of 2009, made this threat more than once, and on one occasion, not only threatened to garnish his wages but also threatened to hinder his chances of future employment through his credit report. (Resp. App. at 33, 35-36.) He also provides an affidavit stating that he felt intimidated and threatened by these statements and was very concerned about the agency's ability to garnish his wages and affect his future employment. (Resp. App. at 2.) He points out that the debt was incurred in 1999 and the alleged threats occurred in 2009, outside the four-year statute of limitations for bringing a suit on a debt under Texas law. *See Castro v. Collecto Inc.*, 634 F.3d 779 (5th Cir. 2011) (applying four-years statute of limitations under Texas law to a debt instead of the two-year federal statue of limitations). In the Fifth Circuit, threatening a time-barred legal action to collect a debt, like garnishment of wages, is in violation of the FDCPA. *See id.* at 783. Viewing all of this evidence in the light most favorable to Plaintiff, there is a genuine material fact issue as to whether the agency threatened to garnish his wages despite being unable to legally garnish them, and whether these threats were false, deceptive, or misleading. Given this triable fact issue, the agency is not entitled to summary judgment on Plaintiff's claims under §§ 1692e and 1692e(4).

## C.     §§ 1692e(2), 1692e(10) & 1692e(11)

The agency also argues that there is no evidence in support of Plaintiff's claims under §§ 1692e(2), 1692e(10), and 1692e(11). (Mot. Br. at 17-21.)

Without limiting its general application, specific conduct in violation of § 1692e includes false representation of the character, amount or legal status of a debt, *id.* § 1692e(2)(A); "use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer," *id.* § 1692e(10); and failure to notify a consumer in initial oral

7

or written communications that the debt collector is attempting to collect a debt and that any information would be obtained for that purpose, and failure to disclose in later communications that the information is from a debt collector, *id.* § 1692e(11).

By pointing out an absence of evidence to support Plaintiff's claims, the agency has met its summary judgment burden. Because Plaintiff has failed to respond and identify evidence in support of these claims, he has not shown a genuine issue of material fact as to these claims, and the agency's motion for summary judgment is granted with respect to them.

## VI. CONCLUSION

Defendant's motion for summary judgment is **GRANTED** in part and **DENIED** in part. Plaintiff's FDCPA claims under §§ 1692d(2) and 1692d(6) are deemed withdrawn. His FDCPA claims under §§ 1692e(2), 1692e(10), and 1692e(11) are dismissed with prejudice. Remaining for trial are his FDCPA claims under §§ 1692d, 1692d(5), 1692e, 1692e(4), and 1692e(5).[3]

**SO ORDERED** on this 9th day of May, 2011.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[3] Although Plaintiff asserts in his response that a § 1692c(a)(1) claim also remains for trial, he failed to raise that claim in his original or amended complaint, and has failed to seek leave to further amend his complaint to include that claim.